103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathan Anthony HAYES, Defendant-Appellant.
 No. 96-1515.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Before: MARTIN, Chief Judge; ENGEL and COLE, Circuit Judges.
 
 ORDER
 
 1
 Nathan Anthony Hayes appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, the government filed a one count indictment against Hayes, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In October 1995, a jury trial commenced. However, after jury selection ended, Hayes pleaded guilty to the charged offense, and the district court sentenced him to 66 months of imprisonment.
 
 
 3
 On appeal, Hayes's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal. In response, Hayes argues that counsel rendered ineffective assistance. He also moves for the appointment of new counsel.
 
 
 4
 Hayes has not established that counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Even if we concluded that counsel performed deficiently when he untimely filed a motion to suppress, Hayes suffered no prejudice because the motion lacked merit. The affidavit in support of the search warrant sets out facts and circumstances which indicate a fair probability that evidence of a crime would be located on the premises of the proposed search. See United States v. Finch, 998 F.2d 349, 352 (6th Cir.1993).
 
 
 5
 We have examined the record in this case, including the transcripts of Hayes's plea and sentencing hearings, and conclude that no reversible error is apparent from the record. Hayes voluntarily pleaded guilty. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970). During Hayes's plea hearing, the district court explained the rights that Hayes was waiving, determined that no threats or promises had been made to compel Hayes to plead guilty, and explained the potential penalty associated with the guilty plea. The district court also determined that Hayes had reviewed his indictment and discussed it with his counsel. Further, Hayes testified that he had purchased a rifle, even though he had been convicted of a felony offense. Hayes also conceded that the rifle had travelled in interstate commerce.
 
 
 6
 We also conclude that the district court properly sentenced Hayes. Hayes's total offense level was 18 and he had a Criminal History Category of VI. This resulted in a guideline imprisonment range of 57-71 months. Thus, Hayes's sentence of 66 months of imprisonment was within the applicable guideline range.
 
 
 7
 Accordingly, we deny the appointment of new counsel, grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.